IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Rita Saldanha, M.D., ) | Civil Action No. 6:07-4001-HMH-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Pediatrix Medical Group of South ) | |
| Carolina, P.A., a wholly owned ) | |
| subsidiary of Pediatrix Group, Inc., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the plaintiff's motion to compel arbitration and to stay the instant proceedings. In her complaint, the plaintiff alleges claims against her former employer for declaratory judgment that the non-compete provisions in her Employment Agreement are invalid (Count I), discrimination under Section 510 of ERISA (Count II), discrimination and retaliation under the Americans with Disabilities Act ("ADA") (Counts III and IV), breach of Employment Agreement for failure to pay bonus (Count V), and violation of the South Carolina Payment of Wages statute for failure to pay bonus owed under Employment Agreement (Count VI).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## FACTS PRESENTED

The plaintiff, a neonatologist, was a partner in Greenville Neonatology, P.A., which was purchased by the defendant in 1999. The plaintiff was terminated from her

position in August 2005.  During her employment, she signed an Employment Agreement which contained a provision on arbitration of any disputes arising out of or related to the Agreement.  The Agreement provides in pertinent part:

> Any controversy or claim arising out of or relating to this Agreement, or any alleged breach hereof (except for any controversy or dispute relating to Section VII) shall be finally determined by binding arbitration before a three member panel, consisting of one member selected by each party hereto, with the third member selected by the first two arbitrators. Each party hereto shall bear the costs of its own nominee, and shall share equally the cost of the third arbitrator. The arbitration proceedings shall be held in Columbia, South Carolina, unless otherwise mutually agreed by the parties, and shall be conducted in accordance with the American Health Lawyer"s Association Dispute Resolution Service, Rules of Procedure for Arbitration and the Uniform Arbitration Act of South Carolina, S.C. Code § 15-48-10, et seq., as amended.

(Pl. m. to compel arbitration, ex. 1, Agreement, Section XIII).

Following her termination from employment, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that her termination violated the ADA.  At her request, the EEOC issued the plaintiff a notice of right to sue.  Given the 90-day limitations period for commencing a claim, the plaintiff's counsel initiated this action in order to protect the plaintiff from any statute of limitations or failure to exhaust defenses.  The plaintiff fully intended to arbitrate the claims (pl. m. to compel arbitration 4).  In its answer to the plaintiff's complaint, the defendant presented the following defense:  "Any and all allegations arising out of the Employment Agreement are subject to binding arbitration as set forth in the Agreement" (answer p. 11).

Prior to the Federal Rule of Civil Procedure 26(f) conference, the plaintiff filed the instant motion seeking an order compelling arbitration.  The defendant, despite the defense raised in its answer, opposes arbitration, arguing that the ADA and ERISA claims fall outside the scope of the Agreement.  Alternatively, the defendant argues that the court should allow only the claims for declaratory relief and for breach of contract (Counts I

2

and V) to go to arbitration, as only those claims "arise out of or relate to" the Agreement, and the remaining claims should proceed in this forum.

## ANALYSIS

The FAA reflects "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Accordingly, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Volt Info. Sciences, Inc. v. Bd. of Tr. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475-76 (1989).

In *Adkins v. Labor Ready, Inc.,* 303 F.3d 496 (4th Cir. 2002), the Fourth Circuit Court of Appeals noted the FAA's liberal federal policy favoring arbitration agreements. The court stated:

> The FAA requires a court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. This stay-of-litigation provision is mandatory. A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview.

*Id*. at 500 (quoting *United States v. Bankers Ins. Co.*, 245 F.3d 315, 319 (4th Cir.2001)). The court further stated:

> In the Fourth Circuit, a litigant can compel arbitration under the FAA if he can demonstrate "(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute."

*Id.* at 500-501 (quoting *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir.1991)).

The FAA provides that "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out

3

of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Act further mandates that in the event of an alleged failure, neglect, or refusal to arbitrate, the court must compel arbitration if it is satisfied that "the making of the agreement for arbitration . . . is not in issue." *Id*. § 4. Whether a party agreed to arbitrate a particular dispute is to be decided by applying "'ordinary state-law principles that govern the formation of contracts.'" *Johnson v. Circuit City Stores*, 148 F.3d 373, 377 (4th Cir.1998) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). In *Brown v. Trans World Airlines*, 127 F.3d 337 (4th Cir. 1997), the Fourth Circuit Court of Appeals stated, "The determination of the arbitration provision's scope and meaning is for the court to resolve." *Id.* at 340.

Accordingly, the issue before this court is whether the plaintiff's claims are within the arbitration provision's scope, which includes "[a]ny controversy or claim arising out of or relating to this Agreement, or any alleged breach hereof . . . ." Counts I, V, and VI, which include the claims for declaratory judgment that the non-compete provisions in the Agreement are invalid, for breach of Agreement for failure to pay bonus, and for violation of the South Carolina Payment of Wages statute for failure to pay the bonus owed under the terms of the Agreement, arise out of or relate to the Agreement and are thus subject to arbitration. Accordingly, the motion to compel arbitration and to stay should be granted as those claims.

In *Brown*, the Fourth Circuit Court of Appeals held that an employee was not required to arbitrate her claims under Title VII and the Family and Medical Leave Act. 127 F.3d at 342-43. The parties in that case had agreed to arbitrate disputes "grow[ing] out of the interpretation or application of any of the terms of this Agreement." The court compared that language with the "broad mandatory language" in the arbitration clause in *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991), which required the arbitration of "any

4

dispute, claim or controversy" arising between the employee and the employer. The court noted that, had the parties wished, they could have included a provision requiring the arbitration of all disputes arising out of the employment relationship. 127 F.3d at 341-42. The court rejected the claim that the existence of common facts between the issues that were subject to arbitration and the non-arbitral issues required that all issues be submitted to arbitration, noting that the Supreme Court "has more than once held that factual similarity between claims does not create identity for purposes of a requirement for arbitration." *Id.* at 342 (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 49-50 (1974)).

Here, the plaintiff's Employment Agreement provides for arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement, or any alleged breach hereof . . . ." As in *Brown,* the plaintiff's statutory discrimination claims (Counts II, III, and IV) do not come within the scope of the arbitration clause. Accordingly, the plaintiff's motion to compel arbitration as to those counts should be denied.

Where some claims are arbitrable and others are not, bifurcation of the claims is required. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). Further,

> courts generally refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation. *Dean Witter Reynolds Inc.*, 470 U.S. at 225, 105 S.Ct. at 1245 (White, J., concurring) (noting that the "heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course"). Crucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision. *See Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 856 (2nd Cir.1987).

*Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004). Here, as argued by the defendant, the nonarbitrable claims - brought under ERISA and the ADA – predominate, and the outcome of those claims is unrelated to the arbitrator's decision as to whether the plaintiff should have received a bonus when she was terminated, which is the issue in the arbitrable claims. Allowing the two actions to proceed simultaneously would not result in

duplicative proceedings as the issues are different and a decision in one case would not have a preclusive effect on the other case. Accordingly, the plaintiff's motion to stay should be denied as to the nonarbitrable claims.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the plaintiff's motion to compel arbitration be granted as to Counts I, V, and VI, and denied as to Counts II, III, and IV, and the plaintiff's motion to stay be granted as to the arbitrable claims and denied as to the nonarbitrable claims.

s/William M. Catoe
United States Magistrate Judge

September 5, 2008

Greenville, South Carolina