IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Rita Saldanha, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:07-4001-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Pediatrix Medical Group of South | ) | |
| Carolina, P.A., a wholly owned subsidiary | ) | |
| of Pediatrix Medical Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 for the District of South Carolina.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Rita Saldanha, M.D. ("Dr. Saldanha"), was a partner in Greenville Neonatology, P.A. Dr. Saldanha was terminated from her position in August 2005. During her employment, Dr. Saldanha entered into an employment agreement which contained an arbitration provision stating in pertinent part, "any controversy or claim arising out of or relating to this Agreement, or any alleged breach hereof . . . shall be finally determined by binding arbitration before a three member panel . . ." (Pl.'s Mot. Compel Arbitration, Ex. 1

---

[1] The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (2006).

(Employment Agreement Sec. XIII)).

Following her termination from employment, Dr. Saldanha timely filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and received a Notice of Right to Sue on September 14, 2007. Dr. Saldanha subsequently filed the present case on December 12, 2007. In its answer to Dr. Saldanha's complaint, Pediatrix Medical Group of South Carolina, P.A. ("Pediatrix") stated as a defense, "Any and all allegations arising out of the Employment Agreement are subject to binding arbitration as set forth in the Agreement." (Answer ¶ 84.)

On June 10, 2008, Dr. Saldanha filed the instant motion seeking an order to compel arbitration on the causes of action alleged in the complaint. Pediatrix opposed arbitration of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, claims (Counts II, III, & IV) alleging that the statutory claims fall outside the scope of the Employment Agreement.

## II. R<small>EPORT AND</small> R<small>ECOMMENDATION</small>

In his Report and Recommendation, Magistrate Judge Catoe recommends that the motion to compel arbitration be granted as to Counts I, V, and VI and denied as to the statutory claims, Counts II, III, and IV. Relying on the Fourth Circuit's decision in <u>Brown v. Trans World Airlines</u>, 127 F.3d 337, 342-43 (4th Cir. 1997), where the court held that an employee was not required to arbitrate claims under Title VII, 42 U.S.C. §§ 2000e, the magistrate judge concluded that Dr. Saldanha's statutory discrimination claims did not fall within the scope of the arbitration clause. (Report & Recommendation 5.) The <u>Brown</u> court based its holding on the fact that the

collective bargaining agreement did "not purport to submit any . . . statutory dispute to arbitration" based on the specific language used in the arbitration clause. 127 F.3d at 341. Similarly, the magistrate judge concluded that the lack of explicit language subjecting statutory disputes to arbitration in Dr. Saldanha's Employment Agreement led to the conclusion that the ERISA and ADA claims were not within the scope of the arbitration clause. (Report & Recommendation 4-5.)

### III. DISCUSSION OF THE LAW

Dr. Saldanha filed timely objections to the portion of the Report and Recommendation that recommended denial of her motion to compel arbitration. (Pl.'s Objections Magistrate Judge's Report & Recommendation 7-10.) Specifically, Dr. Saldanha objects to the use of the higher standard that applies in cases where an employment agreement is the result of a collective bargaining agreement. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 382 (4th Cir. 2008) ("Since the employment contracts at issue here were negotiated by Relators individually, and not by a union on their behalf, Brown and Wright [cases regarding collective bargaining agreements] are inapplicable.") Dr. Saldanha's Employment Agreement was individually negotiated. Accordingly, Dr. Saldanha submits that under the applicable standard, her statutory claims are subject to arbitration.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et. seq., "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985). As such, courts "are to resolve

any doubts concerning the scope of arbitrable issues in favor of arbitration with a healthy regard for the federal policy favoring arbitration." Cherry v. Wertheim Schroder and Co., Inc., 868 F. Supp. 830, 834 (D.S.C. 1994).

In contrast to collective bargaining agreements, Dr. Saldanha's Employment Agreement was individually negotiated. There is no presumption in favor of arbitration of statutory claims in the context of collective bargaining agreements. Eastern Associated Coal Corp. v. Massey, 373 F.3d 530, 533 (4th Cir. 2004). "[I]n the collective bargaining context, the parties 'must be particularly clear' about their intent to arbitrate statutory discrimination claims." Massey, 373 F.3d at 533 (emphasis added). However, when, as here, an employment contract containing an arbitration clause is the product of individual negotiation, the court is not required to find clear and unambiguous terms in order to require arbitration of statutory claims. See Wilson, 525 F.3d at 381-82. Instead, the court must determine whether the parties agreed to arbitrate a particular dispute. Cherry, 868 F. Supp. at 834.

In Cherry v. Wertheim Schroder & Company, the court determined that a Title VII claim fell within the scope of an arbitration clause which read, "any controversies or claims arising out of, or relating to this agreement [will be subject to binding arbitration.]" Id. This language mirrors the language in Dr. Saldanha's Employment Agreement. According to the Cherry court, the broad arbitration provision clearly placed the parties on notice that statutory claims would be subject to arbitration. Id. The court explained, "[a]lthough under the [FAA] courts have license to construe the scope of arbitration agreements liberally, no such liberal or far-reaching interpretation need be resorted to here because the language is clear on its face." Id. There, the court held that under the terms of that specific agreement, the parties agreed to arbitrate the Title

4

VII claim.

Similarly, in the present case, based on the broad language of the arbitration clause and the terms of the Employment Agreement, the court finds that the ADA and ERISA claims (Counts II, III, & IV) fall within the scope of the arbitration clause. Both parties willingly waived their rights to a judicial forum to settle disputes that arose out of the Employment Agreement. The court further adopts those portions of the Report and Recommendation which are not inconsistent with this opinion.

It is therefore

**ORDERED** that Dr. Saldanha's motion to compel arbitration is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 2, 2008